IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK A. ROLOFF, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3178 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before me is the plaintiff's motion to continue, (filing no. 65). A conference call was held today, and after further argument was elicited from the parties, the court took the motion under advisement pending an opportunity to review the evidence and arguments filed of record. After reviewing the parties' submissions, the plaintiff's motion to continue will be granted.

The trial of this case was set to commence on November 15, 2010. The pretrial conference was held on October 21, 2010, at which time the parties agreed the case would be ready for trial by November 15. On November 5, 2010, the plaintiff moved to continue the trial because he "has just learned of facts in depositions taken recently that demonstrate this matter is not yet ripe for trial." Filing No. 65. Specifically, plaintiff's counsel argues that until the deposition of plaintiff's treating physician, Nathan Simpson M.D., was taken on October 19, 2010, he did not know the plaintiff's injuries arose from both acute and chronic causes, and he was unaware the plaintiff had not yet reached maximum medical improvement. These concerns were not raised at the pretrial conference.

As explained in the plaintiff's brief, the plaintiff has worked for the railroad's track department since 1977, and in that capacity, he has operated equipment which exposed his body to vibration and shaking. Although this shaking had sometimes caused muscle pain, up until March 7, 2008, the plaintiff was able to "work through" this pain. Filing No. 66, p. 3, ¶ 13. The plaintiff received chiropractic treatment for back pain dating back to 2002. Filing No. 86-4.

The plaintiff claims that on March 7, 2008, while operating a backhoe to remove frozen mud and ballast located between railroad ties, he experienced intense neck pain which did not subside. He claims the neck pain was caused by the jerking motions of the backhoe. A report signed by the plaintiff on May 23, 2008 states the plaintiff had "[b]een having problems for years now its at the point where my left arm goes numb all the way to my fingers." Filing No. 86-3. In July 2008, Dr. Simpson reviewed magnetic resonance imaging of the plaintiff's spine and diagnosed a cervical disc herniation at C6-7 and degenerative changes at C5-6. Filing No. 67-3, Simpson deposition, 9:18-10:4. After conservative treatment modalities failed, Dr. Simpson performed a two-level surgical fusion on plaintiff's cervical spine to repair the herniated disc. The fusion surgery was only partially successful; one level of the fusion fused properly, and the other did not. Further surgery was recommended, but due to unrelated medical problems, it was not performed until August 4, 2010. As of September 16, 2010, the plaintiff was reportedly "doing very well with virtually complete relief of his preop symptoms." Filing No. 67-5, Stricklett deposition, 24:12-16..

However, as of October 19, 2010, Dr. Simpson testified the plaintiff had not reached maximum medical improvement, and therefore a functional capacity evaluation to assess plaintiff's permanent impairments had not been preformed. Without this information, Dr. Simpson and, in turn, the parties' vocational rehabilitation experts, cannot currently assess plaintiff's future work limitations and ability. Filing No. 67-3, Simpson deposition, 35:12-24; filing no. 67-4, Cordray deposition, 14:20-24, 23:10-23; filing no. 67-5, Stricklett deposition, 14:12-16:6); filing no. 86-2.

The railroad is ready to proceed to trial and to that end, at least ten witnesses are scheduled to travel the week of November 15, 2010 to attend trial in Lincoln. These witnesses would travel from as far away as Alliance, Nebraska, Gillette, Wyoming and Charleston, South Carolina. The railroad asserts it will incur significant expense if the trial is continued. The plaintiff contends the trial must be continued so the plaintiff can investigate and pursue recovery for injuries caused by degenerative spinal injuries, reach maximum medical improvement following his spinal surgeries, and obtain a functional capacity evaluation to more accurately assess his permanent limitations.

-2-

Based on the record before the court, the plaintiff's failure to raise a chronic injury claim does not warrant a continuance. Even assuming the plaintiff did not know chronic spinal injury had occurred until Dr. Simpson was deposed, he identified his problem as "accumulative" in the personal injury report of record, he sought and received chiropractic care for many years, and he was on notice and should have investigated potential chronic or cumulative sources of injury before the eve of trial.

However, the plaintiff has not fully recovered from his August 2010 surgery, and the degree of his permanent limitations remains unknown. Although the plaintiff should have raised this issue and concern at the pretrial conference, and this failure has caused unnecessary work for both the defendant and the court, the extent of plaintiff's impairments goes to the heart of plaintiff's damage claim. Without such information, neither party can currently assess the magnitude of plaintiff's damages, including his lost earning capacity and future pain and suffering. While the defendant will no doubt incur trial preparation costs and inconvenience if a continuance is granted, on balance, the potential prejudice to the plaintiff and to the court's interest in reaching a just result based on the totality of allrelevant facts, outweighs the prejudice to the defendant if this case is continued.

The continuance granted herein must be limited to the time needed for plaintiff to reach maximum medical improvement and obtain a functional capacity evaluation, and for both parties to secure updated opinions and testimony on these issues. This continuance should not be interpreted and does not serve to re-open all issues for discovery or expand the issues for trial.

IT IS ORDERED:

1) The plaintiff's motion to continue, (filing no. 65), is granted.

2) On or before December 8, 2010, the parties shall file a status report advising the court of the plaintiff's current medical progression and when this case can be ready for trial.

November 8, 2010.　　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　　s/*Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge